United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20185
Summary Calendar
_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

                        versus

MILTON EARL CARBE,

        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-337-ALL

_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Milton Earl Carbe has appealed his convictions for conspiracy

to possess with intent to distribute cocaine and possession with

intent to distribute cocaine.  He contends that the district court

should have suppressed evidence obtained pursuant to a search

warrant because the warrant was supported by a facially invalid

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affidavit.  We review this question *de novo*.[1]

Under the good-faith exception to the exclusionary rule, "[e]vidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause."[2]  Officers may rely in good faith upon the validity of a warrant "so long as the warrant is supported by more than a 'bare bones affidavit.'"[3]  An affidavit is bare bones if "it so deficient in demonstrating probable cause that it renders an officer's belief in its existence completely unreasonable."[4]

The affidavit in this case was based on the hearsay statements of a confidential informant.  "An affidavit may rely on hearsay – information not within the personal knowledge of the affiant, such as an informant's statement – as long as the affidavit presents a substantial basis for crediting the hearsay."[5]  In considering whether an informant's tip is credible, we examine the informant's

---

[1] *United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir.), *cert. denied*, 123 S. Ct. 253 (2002).

[2] *United States v. Cisneros*, 112 F.3d 1272, 1278 (5th Cir. 1997) (internal quotation marks omitted).

[3] *Id.* (internal quotation marks omitted).

[4] *Id.*

[5] *See United States v. Laury*, 985 F.2d 1293, 1312 (5th Cir. 1993).

veracity and basis of knowledge.[6] The officer's statements in an affidavit that the informant previously provided reliable information sufficiently established the informant's veracity.[7] Similarly, the factual detail in the affidavit sufficiently demonstrated the informant's basis of knowledge.[8] The affidavit was thus not "so deficient in demonstrating probable cause" that it rendered the officers' belief in the existence of probable cause "completely unreasonable."[9]

AFFIRMED.

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Cisneros*, 112 F.3d at 1278.